**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

TINA W.,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 24-4029
(D.C. No. 2:22-CV-00668-DBP)
(D. Utah)

_____

## ORDER AND JUDGMENT[*]
_____

Before **McHUGH**, **BALDOCK**, and **LUCERO**, Circuit Judges.
_____

Plaintiff Tina W. appeals from the district court's judgment affirming the

Social Security Commissioner's denial of her application for supplemental security

income (SSI) and disability insurance benefits (DIB) under the Social Security Act

(SSA).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

The parties are familiar with the underlying facts and procedural background, and we need not restate them at length here. Suffice it to say that in early 2020, Ms. W. applied for SSI and DIB, alleging she was disabled due to a combination of back and leg injuries and migraines.[1] The Administrative Law Judge (ALJ) held a hearing in January 2022. A month later, the ALJ issued a written decision concluding that Ms. W. was not disabled within the meaning of the SSA.

Applying the agency's five-step sequential evaluation process, the ALJ found at step two that Ms. W. had the severe impairments of degenerative disc disease of the lumbar spine and migraine headaches. *See Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (describing the five-step process). At step three of the process, the ALJ found that Ms. W.'s impairments did not meet or medically equal the criteria of a per se disabling impairment under the Commissioner's regulations. At phase one of step four of the process, the ALJ found that Ms. W. had the residual functional capacity (RFC) "to perform a range of light work." R. vol. II at 19; *see Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) (outlining the three phases of step four of the sequential analysis). In particular, the ALJ found that she had the RFC to be able to "stand and/or walk up to six hours (with normal breaks) during an eight-hour workday." *Id.* At phase two of step four, the ALJ identified two jobs that qualified

---

[1] Ms. W. had on two prior occasions applied for benefits on the same grounds. On the first occasion, she was found to be disabled from July 2008 to May 2011. Her second application was denied.

as Ms. W.'s past relevant work: Cashier II and Cashier Checker.  The ALJ in turn found, based on the testimony of a vocational expert, that these jobs required the "ability to stand and or walk six out of eight hours," but allowed the person performing the job "to sit during customary breaks in the morning, after noon, and lunch period."  *Id.* at 25.  At phase three of step four of the process, the ALJ found that Ms. W. could perform her past relevant work as a Cashier II and Cashier Checker.  In other words, the ALJ found that these jobs "d[id] not require the performance of work-related activities precluded by [Ms. W.'s RFC]."  *Id.* at 24.  Based upon these findings, the ALJ concluded that Ms. W. was not disabled under the Act and denied her applications for DIB and SSI benefits.

Ms. W. sought and was denied review by the agency's Appeals Council, which made the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

Ms. W. then sought judicial review in the district court.  The district court affirmed the Commissioner's final decision.

She now appeals to this court.

## II

### *Standards of review*

Although this is an appeal from the district court, we review the district court's decision to affirm the Commissioner de novo, applying the same standards that govern the district court.  *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). We therefore review the Commissioner's decision to determine whether the ALJ

3

applied the correct legal standards and whether the ALJ's factual findings are supported by substantial evidence. *See id.* Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* We may overturn the ALJ's findings under the substantial evidence standard "only where there is a conspicuous absence of credible" evidence to support the findings or "no contrary medical evidence" to refute a claim of disability. *Trimiar*, 966 F.2d at 1329 (internal quotation marks omitted).

*The ALJ's Step Four findings*

Ms. W. challenges the ALJ's step four findings.[2] She begins by arguing that the ALJ's finding of her RFC at phase one of step four was ambiguous as it pertained to her ability to stand and walk. We disagree. The ALJ found, "based on the objective medical evidence and [Ms. W.'s] own testimony and statements in the record," that she was not "significantly limited in her ability to stand and or walk." R. vol. II at 25. More specifically, the ALJ found that Ms. W. was "able to . . . stand and/or walk up to six hours (with normal breaks) during an eight-hour workday." *Id.* at 19. We conclude that these findings, which were supported by substantial evidence,[3] were sufficiently specific to allow the ALJ to conduct the remaining analysis required under step four.

---

[2] Ms. W. also, as part of Issue One of her opening brief, challenges certain aspects of the district court's ruling. Because our standard of review is de novo, however, we find it unnecessary to address those challenges and instead focus solely on the ALJ's decision.

[3] For example, the ALJ noted that Ms. W. "underwent a medical consultative evaluation . . . conducted by David Mehr, M.D.," and that "Dr. Mehr opined that"

Ms. W. also argues that the ALJ failed at phase two of step four to adequately "determine the physical . . . demands of [her] past relevant work." Aplt. Br. at 19. We again disagree. The ALJ relied on the testimony of a vocational expert and the Dictionary of Occupational Titles in finding that Ms. W.'s past relevant work required the "ability to stand and or walk six out of eight hours," and would have allowed Ms. W. "to sit during customary breaks in the morning, after noon, and lunch period." R. vol. II at 25. We conclude that these findings, which were supported by substantial evidence, were sufficiently specific to allow the ALJ to properly conduct phase three of step four.

Lastly, Ms. W. argues that the ALJ's finding at phase three of step four was illogical because it focused on the concept of "light work" rather than her specific abilities to stand and walk during a workday and the specific requirements of her past relevant work. We disagree. As we have outlined, the ALJ properly assessed Ms. W.'s RFC, including the length of time she could walk and stand during an eight-hour workday. The ALJ in turn properly assessed the physical demands of Ms. W.'s past relevant work, including the amount of time she would have to stand and walk each workday. As a result, the ALJ's finding at phase three of step four was in no way illogical.

---

Ms. W. was "able to stand and/or walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday." R. vol. II at 20, 24.

5

*Retroactivity of new regulation*

Ms. W. also asks us to reverse the ALJ's decision in light of the fact the Commissioner has adopted a new regulatory definition of "past relevant work." At the time of the ALJ's decision, past relevant work was defined as "work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1) (2022). After the district court issued its decision in this case, the Commissioner issued a revised regulation that changed the phrase "past 15 years" to "past five years." 20 C.F.R. § 404.1560(b)(1) (2024). That regulation went into effect on June 22, 2024, more than two years after the ALJ's decision in this case was issued. Ms. W. performed her past relevant work during 2007 to 2008, and 2011 to 2014, more than eight years before the ALJ's decision.

We decline Ms. W.'s request. "Retroactivity is not favored in the law." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). "Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Id.* Here, nothing in the revised version of the regulation at issue requires us to apply it to cases, such as Ms. W.'s, that were decided before the regulation was revised and became effective.[4] We therefore apply

---

[4] In announcing the effective date of the revised regulation, the Commissioner stated it would apply "to all claims newly filed and pending beginning on June 22, 2024." 89 FR 48138-01, 2024 WL 2831350. Ms. W.'s claims were decided by the ALJ prior to June 22, 2024, and thus were neither "newly filed" nor "pending" at the time the revised regulation became effective.

the version of the regulation that was "in effect at the time of the ALJ's decision."

*Newbold v. Colvin*, 718 F.3d 1257, 1261 n.2 (10th Cir. 2013) (internal quotation

marks omitted).

III

We affirm the judgment of the district court.

Entered for the Court

Bobby R. Baldock
Circuit Judge